The judgment of the court (King, J. being absent,) was pronounced by
Rost, J.
The plaintiff claims from the defendant the price of a lot of mules alleged to have been sold to D. P. Cain, his agent, for the use of one of his plantations.
The defendant filed a general denial, and specially denied the agency of Cain; he further averred that he never had any dealings with the plaintiff, and if the mules were sold to Cain, they were sold exclusively upon his credit, and he was alone liable. There was judgment in favor of the plaintiff,- and the defendant appealed.
It appears that Cain being very much in debt, his plantation and negroes were sold under execution and purchased by the defendant, who, from motives of friendship, suffered him to remain in possession of them; to work them as his own, and to dispose of the crops. When he purchased the mules from the plaintiff he gave a draft in his own name upon Messrs. Payne and Harrison, his factors in New Orleans, which was not accepted. One of the members of that firm states that the proceeds of the crops of Cain for the years 1847 and 1848 were placed to his credit, and that he did not know that Stewart was the owner of the plantation.
We infer from the evidence, and the fact does not appeal- to be denied by the plaintiff’s counsel, that the agreement between the defendant and Cain, under which the latter enjoyed the plantation as owner, was publicly known and susceptible of proof. Cain was not, therefore, the agent of Stewart; his relation to him was that of a tenant; he did not pretend to act as agent in this case, and the credit was given exclusively to him; under the rule laid down in the case of Nugent v. Hickey, 2d Ann. 248, the judgment should have been in favor of the defendant.
It is therefore ordered and decreed, that the judgment in this case be reversed, and that there be judgment in favor of the defendant Nolan Stewart, with costs in both courts.